UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LUKE C. TEIXEIRA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-177 |
| § | |
| DALE WAINWRIGHT, *et al*, § | |
| § | |
| Defendants. § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

This case comes before the Court for screening pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A, after review by United States Magistrate Judge Jason B. Libby. Judge Libby issued a Memorandum and Recommendation (D.E. 9), recommending that:

- Plaintiff's federal and state claims against Dr. Isaac Kwarteng in his individual capacity be retained;

- Plaintiff's claims against Dale Wainwright, Lorie Davis, and Donna Sollenberger in their official capacities be dismissed because the Eleventh Amendment bars claims against them for money damages and because the allegations offered to support a claim for injunctive relief against them are frivolous or fail to state a claim;

- Plaintiff's federal claims against Tonya Lawson and the Step II Grievance Coordinator be dismissed because the allegations offered to support a claim for relief against them are frivolous or fail to state a

claim and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against them.

Petitioner timely filed his Objections (D.E. 13) on September 23, 2019.

First, Plaintiff asks to nonsuit his claims against the Step II Grievance Coordinator rather than have them dismissed as frivolous. "While the Court will not prevent plaintiff from dismissing his suit, nonetheless, it should not facilitate behavior designed to flout the three 'strikes' provision of the Prison Litigation Reform Act." *Finley v. Livingston*, No. 210-CV-0073, 2010 WL 3034053, at *1 (N.D. Tex. Aug. 3, 2010). The Court denies the request to nonsuit and adopts the recommendation of dismissal of the federal claims as frivolous and dismissal of the state claims, declining to exercise supplemental jurisdiction.

Second, Plaintiff asks that the Court retain the federal claims against Dale Wainwright, Lorie Davis, Donna Sollenberger and Tonya Lawson because he put them on notice of his complaints and they failed to take action to change or enforce TDCJ/UTMB Policy 8.4, thus exhibiting personal involvement with the events on which he sues. Policy 8.4 allows a medical provider to remove a medical restriction (in this case a bottom bunk/bottom row restriction) based on a chart review. A physical examination is to be conducted if the offender challenges the decision to remove the restriction.

Plaintiff complains that he made the necessary challenge, requesting a physical examination and that such a physical examination would have revealed obvious reasons to keep his medical restriction in place. However, the healthcare providers in control of

the process denied him that physical examination. Plaintiff's complaints to Wainwright, Davis, Sollenberger, and Lawson were ignored. Thereafter, Plaintiff alleges that he sustained a physical injury because of his top bunk assignment.

Plaintiff expressly denies any obligation to state a legal theory supporting his civil rights claims against Wainwright, Davis, Sollenberger, and Lawson. D.E. 13, p. 4. He asserts that it is sufficient that he has alleged that the policy is unconstitutional and that these Defendants were on notice of a policy violation and that his health was at risk. He does not attempt to satisfy the requirements of municipal liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Instead, he appears to equate this conduct of the administrators with deliberate indifference to a serious medical need in violation of the Eighth Amendment prohibition against cruel and unusual punishment, without addressing the delegation of medical needs to the physicians who made the decisions regarding his care. *See* D.E. 1.

The policy provides a mechanism for obtaining the physical examination that, Plaintiff argues, is constitutionally required. And the Texas Department of Criminal Justice-Correctional Institutions Division has a grievance system in place to address policy violations. Plaintiff availed himself of the grievance policy. D.E. 1, pp. 15-18.

Plaintiff has failed to supply any authority for the proposition that placing prison officials and employees on notice of a particular complaint—outside the grievance process—renders them personally responsible for another employee's constitutional violation. Rather, there is no respondeat superior liability for an employee or co-worker's civil rights violations. *Monell, supra*. And Plaintiff has not shown widespread

problems with the policy. Instead, he asserts that (1) Dr. Kwarteng had a personal vendetta against him for prior interactions between them, and (2) provider Eschavarry did not want to change Dr. Kwarteng's orders. This is not a sufficient custom, pattern, or practice of unconstitutional conduct to invoke the principles of municipal liability—the method for placing liability on the policymakers. *Id.* And despite any initial failures to reinstate Plaintiff's bottom bunk restrictions, he asserts that they were, in fact, reinstated prior to filing this lawsuit. D.E. 1.

Plaintiff summarily states that the policy, as applied to Plaintiff, violates the holding of "*Zimmerman v Burch*, 104 U.S. 113 (1990)." The Court assumes that Plaintiff is referring to *Zinermon v. Burch*, 494 U.S. 113 (1990). In that case, the Supreme Court recognized the *Parratt* rule, which provides that post-deprivation tort remedies are all the procedural process that is constitutionally due when they are the only reasonable remedies for a random and unauthorized act by a state employee. *Zinermon*, 494 U.S. at 128-29 (referring to *Parratt v. Taylor*, 451 U.S. 527 (1981)). The *Parratt* rule did not prevent the claims in *Zinermon* because the constitutional deprivation was a systemic problem and fully foreseeable: a mentally impaired individual who cannot give informed consent cannot voluntarily commit himself to a mental facility. Therefore, the protections provided in involuntary commitment cases had to be extended to those who do not have the mental status to provide informed consent, even if they appear willing.

Here, Plaintiff has not supplied any reason that the *Parratt* rule should not apply to a physician's random and unauthorized acts allegedly motivated by a personal vendetta. Plaintiff has not suggested that the fact scenario to which he allegedly fell victim has

happened before or is a systemic problem with repetition readily foreseeable or existing alternative procedures that could easily be applied. Therefore, under *Parratt*, post-deprivation remedies are adequate and there is no constitutional violation in the failure of the administrators and employees, Wainwright, Davis, Sollenberger, and Lawson, to respond to his complaint about the physicians' wrongful acts or omissions. The Court OVERRULES Plaintiff's objections.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly,

- The Court **RETAINS** Plaintiff's federal and state claims against Dr. Isaac Kwarteng in his individual capacity;

- The Court **DISMISSES WITH PREJUDICE** Plaintiff's claims against Dale Wainwright, Lorie Davis, and Donna Sollenberger in their official capacities because the Eleventh Amendment bars claims against them for money damages and because the allegations offered to support a claim for injunctive relief against them are frivolous or fail to state a claim;

- The Court DISMISSES WITH PREJUDICE Plaintiff's federal claims

against Tonya Lawson and the Step II Grievance Coordinator because the allegations offered to support a claim for relief against them are frivolous or fail to state a claim;

- The Court DISMISSES WITHOUT PREJUDICE Plaintiff's state law claims against the Step II Grievance Coordinator;

- The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Tonya Lawson and DISMISSES them WITHOUT PREJUDICE.

ORDERED this 18th day of October, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE